UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH BIASI, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>      v.<br><br>WAL-MART STORES, INC., EARLENE SCHAEFFER, RYAN DUNPHY, and REBECCA PAUKSTELA<br><br>                    Defendants. | Civil Action No.: 6:15-cv-00454-GTS-ATB |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT WAL-MART STORES, INC.'S MOTION TO DISMISS
THE COMPLAINT'S SECOND CAUSE OF ACTION**

McCARTER & ENGLISH, LLP
City Place I
185 Asylum Street
Hartford, CT 06103
Pamela J. Moore
Sami Asaad
*Attorneys for Defendants*

ME1 20392011v.2

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

ARGUMENT.........................................................................................................................2

    POINT I

        THE AMENDED COMPLAINT DOES NOT AND CANNOT ALLEGE
        THAT WALMART STORES ARE "EATING OR DRINKING
        PLACES." ...............................................................................................................2

    POINT II

        PLAINTIFF ALSO CANNOT CLAIM COVERAGE UNDER THE
        HOSPITALITY WAGE ORDER BECAUSE HE DOES NOT ALLEGE
        THAT HE WORKED IN ANY ALLEGED RESTAURANT
        OPERATIONS...........................................................................................................4

CONCLUSION......................................................................................................................6

-ii-

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Saye v. First Specialty Ins. Co.*,
    2015 U.S. Dist. LEXIS 50243 (E.D.N.Y. Apr. 16, 2015) ...........................................................1

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005)........................................................................................................1

**STATE CASES**

*Matter of New York State Rest. Assn., Inc. v. Commissioner of Labor*,
    45 A.D.3d 1133 (N.Y. App. Div. 3d Dep't 2007) ....................................................................2

**STATE STATUTES**

New York Labor Law § 651.9 .........................................................................................................2

New York Labor Law § 653.2 .....................................................................................................2, 3

**RULES**

Fed. R. Civ. P. 12(b)(6)...................................................................................................................1

**REGULATIONS**

12 NYCRR § 146.............................................................................................................................6

12 NYCRR § 146-3.1(b)........................................................................................................1, 2, 5

12 NYCRR § 146-3.2 ..................................................................................................................1, 5

**OTHER AUTHORITIES**

*Order of Commissioner of Labor M. Patricia Smith on the Report and Recommendations
    of the 2009 Wage Board* ...........................................................................................................4

*Regulatory Impact Statement* ........................................................................................................3

*Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor
    Pursuant to Labor Law § 655 (Article 19, The Minimum Wage Act)*.......................................3

**PRELIMINARY STATEMENT**

On April 22, 2015, Defendant Wal-Mart Stores, Inc. ("Walmart") moved to dismiss the second cause of action under Fed. R. Civ. P. 12(b)(6). In an apparent attempt to render Walmart's motion moot, Plaintiff filed an Amended Complaint on May 18, 2015. However, as set forth below, even as amended, Plaintiff's second cause of action fails to state a claim upon which relief can be granted.[1]

As discussed in Walmart's original moving papers, the second cause of action improperly seeks to require Walmart, "the world's largest *retailer*," *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 101 (2d Cir. 2005) (emphasis added), to comply with the New York Hospitality Industry Wage Order, applicable only to *hotels and restaurants*. The newly-added allegations in no way place Walmart in the "hospitality" industry. Its stores are neither hotels nor restaurants—defined as "eating or drinking place[s]." 12 NYCRR § 146-3.1(b). Indeed, the Amended Complaint still concedes that Walmart stores are "retail stores." (Amended Complaint, ¶ 59.)

Moreover, even if some Walmart stores allegedly contain a department that offers food items, Plaintiff fails to allege (nor can he) that he himself worked in any such department. Accordingly, the Amended Complaint fails to allege that Plaintiff was an "individual suffered or permitted to work in the hospitality industry," so he is ineligible for the benefits of the Hospitality Industry Wage Order. 12 NYCRR § 146-3.2.

Therefore, even as amended, the second cause of action fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

---

[1] When an amended complaint is filed in response to a motion to dismiss, courts may consider the merits of the motion in light of the amended complaint. *Saye v. First Specialty Ins. Co.*, 2015 U.S. Dist. LEXIS 50243, 5-6 (E.D.N.Y. Apr. 16, 2015) (citations omitted).

## ARGUMENT

### POINT I

### THE AMENDED COMPLAINT DOES NOT AND CANNOT ALLEGE THAT WALMART STORES ARE "EATING OR DRINKING PLACES."

The new allegations in Plaintiff's Amended Complaint assert that some Walmart stores contain a department that allegedly sells food items, such as rotisserie chickens, in addition to other merchandise. Contrary to Plaintiff's argument, however, the Hospitality Industry Wage Order does not transform every convenience store, grocery store, or retail department store into a restaurant merely because it has a deli section or sells rotisserie chickens. Instead, the definition of "restaurant" under the Hospitality Industry Wage Order requires that the establishment be an "eating or drinking place." 12 NYCRR § 146-3.1(b). This is a common-sense characteristic of restaurants, which Plaintiff seeks to avoid; however, there is no basis for doing so either in the actual text or historical intent of the Hospitality Industry Wage Order.

As for the text itself, nowhere does the Hospitality Industry Wage Order state that it applies to retail department stores or any other establishment that is neither a hotel nor an "eating or drinking place."

With regard to its historical intent, it is important to note that the Hospitality Industry Wage Order (a state regulation) is rooted in New York Labor Law § 653.2 which applies only to "Food Service Workers," who are statutorily defined as employees "primarily engaged in the serving of food or beverages to guests, patrons or customers *inthe hotel or restaurant industries*, including, but not limited to, wait staff, bartenders, captains and bussing personnel; and who regularly receive tips from such guests, patrons or customers. Labor Law § 651.9 (emphasis added). As the court explained in *Matter of New York State Rest. Assn., Inc. v. Commissioner of Labor*, 45 A.D.3d 1133 (N.Y. App. Div. 3d Dep't 2007), Labor Law § 653.2

-2-

was "amended [in 2000] to require that [the] Commissioner of Labor, within six months of enactment of any change in the general minimum hourly wage provision," must "appoint a wage board to report and recommend any necessary changes to 'wage orders governing wages payable to *food service workers*.'"  (quoting Labor Law § 653.2) (emphasis added).  Pursuant to that mandate, the Commissioner of Labor appointed a Wage Board on March 18, 2009, "in anticipation of the statutory minimum wage increase scheduled to take effect on July 24, 2009, to review the regulations governing the wages and tips paid to workers in the *restaurant and hotel industries*." *Regulatory Impact Statement*, available online at http://www.labor.ny.gov/sites/legal/laws/pdf_word_docs/hospitality-wage-order/regulatory-impact-statement.pdf  (last accessed on May 26, 2015) (emphasis added). The Wage Board itself (comprised of 6 members) included leaders in the New York restaurant industry and hotel industry, such as the President of the NYS Restaurant Association, the President of the NYS Hospitality & Tourism Association, and the Director of Political Strategic Affairs, NY Hotel & Motel Trades Council, AFL-CIO. *Id.*  Significantly, the Wage Board did not include any leaders of enterprises in the retail industry. *Id.*

On September 18, 2009, after months of conducting public hearings and reviewing "economic data and research reports on the [hotel and restaurant] industries," the Wage Board issued a thirteen-page "Report and Recommendations."[2] *See Report and Recommendations*, available online at https://www.labor.state.ny.us/workerprotection/laborstandards/PDFs/Wage_Board_Report&Recommendations_9-18-09.pdf (last accessed on May 26, 2015). Nowhere in the Report and Recommendations is there any indication whatsoever that retail department stores were

---

[2]The full name of the document is "Report and Recommendation of the Minimum Wage Board to the Commissioner of Labor Pursuant to Labor Law Section 655 (Article 19, The Minimum Wage Act)."

considered "eating or drinking place[s]" or otherwise included as part of the hotel or restaurant industries.

On November 5, 2009, the Labor Commissioner issued an Order regarding the recommendations of the Wage Board which would be adopted. The Order again makes clear that the Hospitality Industry Wage Order is concerned only with "persons whose livelihoods come from the *restaurant and hotel industries*." *Order of Commissioner of Labor M. Patricia Smith on the Report and Recommendations of the 2009 Wage Board*, available online at https://www.labor.state.ny.us/workerprotection/laborstandards/PDFs/Order_of_Commissioner_in_response_to_Wage_Board_11-5-09.pdf (last accessed on May 26, 2015), at 1. Nothing in the Commissioner's Order suggests that retail department stores are "eating or drinking place[s]" or are otherwise included in the restaurant or hotel industries.

Therefore, although the Amended Complaint alleges that "Wal-Mart prepares and offers food or beverages for human consumption," Amended Complaint, at ¶ 50 (internal quotations omitted), this allegation is insufficient to establish that Walmart stores are "restaurants" covered by the Hospitality Wage Order because Plaintiff does not allege (nor can he) that Walmart stores are themselves "eating or drinking place[s]." As mentioned above, Plaintiff concedes that Walmart stores are "retail stores." *Id.* at ¶ 59.

**POINT II**

**PLAINTIFF ALSO CANNOT CLAIM COVERAGE UNDER THE HOSPITALITY WAGE ORDER BECAUSE HE DOES NOT ALLEGE THAT HE WORKED IN ANY ALLEGED RESTAURANT OPERATIONS.**

Plaintiff claims he is owed uniform-maintenance payments required by the New York Hospitality Minimum Wage Order, but nowhere in his Complaint (the original or amended) does he allege that he met the definition of "employee" under the Hospitality Industry Wage Order.

The Hospitality Industry Wage Order defines an "employee" as "any individual suffered or permitted to work in the hospitality industry." 12 NYCRR § 146-3.2. Although the Hospitality Industry Wage Order may also apply to workers in "***restaurant operations*** of other types of establishments,"[3] there is no allegation in the Amended Complaint that would support a finding that Walmart is operating a restaurant in Amsterdam, NY. The mere fact that the grocery department in the Amsterdam Walmart store sells rotisserie chickens and/or other prepared food to bring home does not a restaurant make.

Even assuming, *arguendo*, however, that it is theoretically possible that some departments in some Walmart stores include restaurant operations, as required by the Hospitality Industry Wage Order, Plaintiff's claim fails because he does not allege (nor can he) that he himself worked in any such operations. The Complaint is virtually silent on Plaintiff's duties, but what little can be gleaned reveals that Plaintiff did not work in connection with any "restaurant operations." In the First Cause of Action, for example, Plaintiff describes his duties as a receiver in the back end of the store, and, in fact, that is what he was.[4] Accordingly, at a minimum, the allegations in the Amended Complaint are wholly insufficient to establish that Plaintiff was an "employee" under the Hospitality Industry Wage Order, and he cannot claim entitlement to the payments set forth in the uniform-maintenance provisions of the Wage Order on behalf of himself or anyone else.

---

[3] The following is the full definition of "restaurant" (including the last sentence of the definition, which was omitted from Plaintiff's letter brief):
The term restaurant includes any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto. The term restaurant includes but is not limited to restaurant operations of other types of establishments, restaurant concessions in any establishment and concessions in restaurants.

12 NYCRR § 146-3.1(b).

[4] Plaintiff was an Inventory Management Team Associate ("Unloader"), working 4:00 p.m. to 1:00 a.m. unloading trucks and stocking store shelves.

## **CONCLUSION**

For the reasons set forth above and in its original moving papers, the Second Cause of Action in the Amended Complaint fails to state a claim for a violation of 12 NYCRR Part 146 and Walmart, therefore, respectfully requests that this Court dismiss the Second Cause of Action with prejudice.

Dated:  Hartford, CT
        May 26, 2015

Respectfully submitted,

McCarter & English, LLP

*Attorneys for Defendants*
*Wal-Mart Stores, Inc., Earlene Schaeffer,*
*Ryan Dunphy, and Rebecca Paukstela*

By:  /s/ Pamela J. Moore
    Pamela J. Moore (Bar Roll # 106636)
    Sami Asaad (Bar Roll # 519386)
    CityPlace I
    185 Asylum Street
    Hartford, Connecticut 06103
    Tel.:  (860) 275-6700
    Fax:  (860) 724-3397
    pmoore@mccarter.com
    sasaad@mccarter.com

ME1 20392011v.2

-7-

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically with the Clerk, United States District Court for the Northern District of New York. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

Date: May 26, 2015       /s/ Pamela J. Moore
                Pamela J. Moore