UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH BIASI, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiff, | : Civil Action No.: 6:15-cv-00454-GTS-ATB : : |
| v. | : : |
| WAL-MART STORES EAST, LP, EARLENE SCHAEFFER, RYAN DUNPHY, and REBECCA PAUKSTELA | : : : : |
| Defendants. | : : |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Wal-Mart Stores East, LP ("Walmart"), Earlene Schaeffer, Ryan Dunphy, and Rebecca Paukstela (hereinafter collectively referred to as "Defendants") answer the numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

1. The allegations in paragraph 1 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 1 to the extent it suggests that Plaintiff has a factual or legal basis to recover any of the damages described.

2. The allegations in paragraph 2 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 2 to the extent it suggests that Plaintiff has a factual or legal basis to recover any of the damages described.

3. The allegations in paragraph 3 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 3 to the extent it suggests that Plaintiff has a factual or legal basis to recover any of the damages described, and further deny that a class action is appropriate or colorable.

4. Defendants deny the allegations in paragraph 4, except admit that the action was filed with the Montgomery County Supreme Court on March 23, 2015.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

## PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, except admit that Wal-Mart Stores East, LP is the entity that employed Plaintiff in the only store in issue as of the date of this Answer.

## FIRST CAUSE OF ACTION

15. Defendants repeat and re-allege their response to each allegation set forth above.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19, except admit that on December 1, 2014, Defendant Schaeffer asked Plaintiff to return a set of keys.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21, except admit that on December 2, 2014, Plaintiff drafted an "Individual Statement of Fact," which he later amended on December 23, 2014.

3

22. Defendants deny the allegations in paragraph 22, except admit that on December 23, 2014, Defendant Paukstela met with Plaintiff to discuss allegations he made regarding Defendant Schaeffer.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24, except admit that Plaintiff sent an email to Walmart Global Ethics on January 30, 2015.

25. Defendants deny the allegations in paragraph 25, except admit that Plaintiff sent an email to Walmart Global Ethics on February 10, 2015.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28, except admit that Plaintiff's employment terminated on February 16, 2015, due to improper disposal of hazardous waste, which constituted gross misconduct.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35, except admit that Plaintiff was employed by Walmart for twenty years.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. The allegations in paragraph 39 are legal assertions for which no factual response is required. Nevertheless, Defendants admit that Plaintiff filed a charge of discrimination with

the United States Equal Employment Opportunity Commission ("EEOC"), and that Exhibit A is a Notice of Right to Sue from the EEOC.

    40.    The allegations in paragraph 40 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 40.

    41.    The allegations in paragraph 41 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 41.

    42.    The allegations in paragraph 42 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 42.

    43.    The allegations in paragraph 43 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 43.

    44.    The allegations in paragraph 44 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 44.

    45.    The allegations in paragraph 45 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 45.

## **SECOND CAUSE OF ACTION**

    46.    Defendants repeat and re-allege their response to each allegation set forth above.

    47.    Defendants deny the allegations in paragraph 47.

    48.    Defendants deny the allegations of paragraph 48.

    49.    The allegations in paragraph 49 are legal assertions for which no factual response is required. Nevertheless, Defendants deny Plaintiff's characterization of, and the purported applicability to Walmart of the hospitality wage order referenced in paragraph 49.

    50.    The allegations in paragraph 50 are legal assertions for which no factual response is required. Nevertheless, Defendants deny Plaintiff's characterization of, and the purported applicability to Walmart of the hospitality wage order referenced in paragraph 50.

51. The allegations in paragraph 51 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the purported applicability of, and the purported applicability to Walmart of the hospitality wage order referenced in paragraph 51.

52. The allegations in paragraph 52 are legal assertions for which no factual response is required. Defendants, however, deny that Wal-Mart is properly covered by the hospitality wage order quoted in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55, except admit that a department in the store in Amsterdam in which Plaintiff worked would package and weigh various food items for customers.

56. Defendants deny the allegations in paragraph 56, except admit that Plaintiff was given two (2) vests and typically worked a full-time schedule.

57. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. The allegations in paragraph 60 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 60.

61. The allegations in paragraph 61 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 61.

62. The allegations in paragraph 62 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 62.

63. The allegations in paragraph 63 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 63.

64. The allegations in paragraph 64 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 64.

65. The allegations in paragraph 65 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 65.

66. The allegations in paragraph 66 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 66.

67. The allegations in paragraph 67 are legal assertions for which no factual response is required. Nevertheless, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. The allegations in paragraph 68 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 68.

69. The allegations in paragraph 69 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 69.

70. The allegations in paragraph 70 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 70.

71. The allegations in paragraph 71 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 71.

72. The allegations in paragraph 72 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. The allegations in paragraph 74 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 74.

75. The allegations in paragraph 75 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 75.

76. The allegations in paragraph 76 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 76.

77. The allegations in paragraph 77 are legal assertions for which no factual response is required. Nevertheless, Defendants deny the allegations in paragraph 77.


**DEFENSES TO THE SECOND AMENDED COMPLAINT**

Without assuming the burden of proof as to any issue on which Plaintiff bears the burden of proof, Defendants state the following separate defenses:

FIRST DEFENSE

The Second Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

THIRD DEFENSE

All actions taken by Defendants were taken for legitimate, non-discriminatory business reasons and were the result of the valid, non-discriminatory exercise of the employer's management prerogative.

FOURTH DEFENSE

The Second Amended Complaint, in whole or in part, fails to state a claim for which injunctive relief, punitive or compensatory damages can be awarded.

FIFTH DEFENSE

The Second Amended Complaint, in whole or in part, fails to state a claim for which attorney's fees can be awarded.

SIXTH DEFENSE

Plaintiff's claims are barred or reduced by the doctrine of mitigation of damages.

ME1 22195408v.2

## SEVENTH DEFENSE

Plaintiff is estopped and barred by his own conduct from requesting the relief set forth in the Second Amended Complaint.

## EIGHTH DEFENSE

Class relief is not available because Plaintiff cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## NINTH DEFENSE

Class relief is not available because Plaintiff cannot satisfy the requirements of N.Y. C.P.L.R. § 901.

## TENTH DEFENSE

Class relief is not available because Plaintiff is seeking liquidated damages and cannot satisfy the requirements of N.Y. C.P.L.R. § 901(b).

## ELEVENTH DEFENSE

Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.  Specifically, Defendants have at all times acted in good faith and have reasonable grounds for believing that any alleged acts and omissions were not a violation of the NYLL.

## TWELFTH DEFENSE

Plaintiffs' claims are barred or reduced, in whole or in part, by exclusions, exceptions, credits or offsets permissible under the NYLL.

## THIRTEENTH DEFENSE

If it is determined that Plaintiffs have claims under the NYLL, none of Defendants' alleged actions or omissions constitutes a willful violation of the NYLL.

<u>FOURTEENTH DEFENSE</u>

Plaintiff is an inadequate class representative.

<u>FIFTEENTH DEFENSE</u>

Plaintiff did not properly exhaust his administrative remedy.

Defendants reserve the right to assert further defenses should such further defenses become known to it during the litigation of this action.

**WHEREFORE**, Defendants respectfully requests that this Court:

a) Dismiss Plaintiff's Second Amended Complaint with prejudice;

b) Award Defendants reasonable attorneys' fees and costs; and

c) Such further relief this Court deems just and equitable.

                             MCCARTER & ENGLISH, LLP

                             By: */s/ Pamela J. Moore*
                                 Pamela J. Moore (PM 1959)
                                 Sami Asaad (SA 5377)
                                 pmoore@mccarter.com
                                 sasaad@mccarter.com
                                 185 Asylum St., CityPlace I
                                 Hartford, CT 06103
                                 Tel: 860-275-6700

                                 *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    This is to certify that a copy of the foregoing was filed electronically this 28th day of March, 2016.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                  By: */s/ Pamela J. Moore*
                                         Pamela J. Moore (PM 1959)

ME1 22195408v.2