# EXHIBIT D




New York State

# LABOR STANDARDS' FIELD INVESTIGATOR'S MANUAL

**JANUARY 2014**

**New York State Department of Labor**
**Andrew M. Cuomo,** *Governor*
**Peter M. Rivera,** *Commissioner*

### 1) Wage Orders, Summaries and Guidelines

The Regulations that accompany the Minimum Wage Law are known as Industry Wage Orders. The Division issues its own Guidelines to interpret the various Wage Orders and instruct Investigators how to compute underpayments:

| INDUSTRY | Wage Orders | 1 Page Wage Order Summaries | Investigator Guidelines |
|---|---|---|---|
| **Building Service** | Part 141 | 141S | LS 41 |
| **Miscellaneous Industries and Occupations** | Part 142 | 142S | LS 42 |
| **Overtime Regulations For all industries** | | | LS 43 |
| **Farm Workers** | Part 190 | | LS 90 |
| **Restaurant** | Part 137 | 137S | LS 37 |
| **Hotel** | Part 138 | 138S | LS 38 |
| **Hospitality** | Part 146 | 146S | NA |
| | | | |
| **Non-Profit** | Part 143 | | |

### 2) Statute of Limitations

> An action to recover upon a liability imposed by this article must be commenced within 6 years. All employees shall have the right to recover full wages, benefits and wage supplements accrued during the 6 years previous to the commencing of such action, whether such action is instituted by the employee or by the commissioner. Article 6, Section 198(3).

The statute of limitations for civil cases related to the Division's investigations is six years. The clock on the statute of limitations begins when the claim "accrues," or in other words, when the violation occurs, although this rule is subject to some exceptions. The employee has six years from the employer's violation to file a complaint or a lawsuit. While six years is the legal

# NEW YORK STATE DEPARTMENT OF LABOR

## DIVISION OF LABOR STANDARDS

## GUIDELINES FOR INVESTIGATORS

## MINIMUM WAGE ORDER FOR

## R E S T A U R A N T   I N D U S T R Y

## PART 137

EFFECTIVE April 1, 1991

NOTE: These guidelines are intended to be utilized as a general instructional guide for Investigators regarding minimum wage provisions for restaurant workers. Statements are not official interpretations of law. The information contained is subject to modification as a result of supplemental legal determinations, changes in Division policy or supervisory instruction. Official interpretation of the law may be obtained by contacting the Counsel's Office of the New York State Department of Labor.

LS-37 (7-92)

Appendix: LS37

## SUMMARY OF RATES AND ALLOWANCES

In 1990, the New York State Minimum Wage Act was amended increasing the minimum wage rate to $3.80 an hour effective April 1, 1990 and to $4.25 an hour effective April 1, 1991. The amendment also provided for proportionate increases in all other wage order rates and allowances, rounded off to the nearest five cents. Listed below are the rates and allowances of the Minimum Wage Order for the Restaurant Industry effective April 1, 1990 and April 1, 1991.

| BASIC MINIMUM HOURLY RATE | EFFECTIVE 4-1-90 $3.80 | | EFFECTIVE 4-1-91 $4.25 | |
|---|---|---|---|---|
| TIP ALLOWANCE - SERVICE RATE (per hour) | Allow. | Rate | Allow. | Rate |
| | $0.85 | $2.95 | $0.95 | $3.30 |
| | $1.20 | $2.60 | $1.35 | $2.90 |
| OVERTIME-RATES (based on basic hourly rates and applicable allowances) | Allow. | Rate | Allow. | Rate |
| | None | $5.70 | None | $6.375 |
| | $0.85 | $4.85 | $0.95 | $5.425 |
| | $1.20 | $4.50 | $1.35 | $5.025 |
| SPLIT SHIFT OR SPREAD OF HOURS | | Rate | | Rate |
| | | $3.80 | | $4.25 |
| DAILY CALL-IN PAY (paid at applicable minimum hourly wage rate) | 3 hours, 1 shift of at least 3 hours; 6 hours, 2 shifts of 6 hours or less; 8 hours, 3 shifts of 8 hours, or less; or the number of hours in the respective regularly scheduled shift, whichever is less. | | | |
| UNIFORM RATE PER WEEK | | Rate | | Rate |
| Over 30 hours work | | $4.75 | | $5.30 |
| Over 20 up to 30 hours work | | $3.70 | | $4.15 |
| 20 hours or less work | | $2.25 | | $2.50 |
| MEAL ALLOWANCE (per meal) | Allow. | | Allow. | |
| | $1.30 | | $1.45 | |
| LODGING ALLOWANCE | Allow. | | Allow. | |
| | $0.95/day | | $1.05/day | |
| | $5.95/week | | $6.65/week | |
| EXECUTIVE & ADMINISTRATIVE EXEMPTION (per week) | | EXEMPTION | | EXEMPTION |
| | | $285.00 | | $318.75 |

NOTE: ALL EXAMPLES ARE BASED ON RATES EFFECTIVE 4/1/91.

# MINIMUM WAGE AND ALLOWANCES

## 137-1.1 Application

Every employer in the restaurant industry shall pay to each employee not less than the minimum wage rates listed in this manual. Rates are based on whether employee is service or non-service and on number of hours worked.

## 137-1.2 Basic Minimum Hourly Wage Rate And Allowances

Basic minimum hourly wage rate - $4.25 per hour

Tip allowance - $0.95 per hour if weekly average of tips received is between $0.95 and $1.35 an hour; $1.35 per hour if weekly average of tips received is $1.35 an hour or more.

Meal allowance - $1.45 per meal

Example: A non-service employee works 8 hours a day, 5 days a week, 40 hours, and receives no tips. The employee receives 2 meals a day.

| | | |
|---|---|---|
| Non-Service | - 40 hours @ $4.25 = | $170.00 |
| Allowance | - 10 meals @ $1.45 = | $ 14.50 |
| | Minimum Wage | $155.50 |

Example: A service employee works 8 hours a day, 5 days a week, 40 hours, and earns over $1.35 an hour in tips. The employee receives 2 meals a day.

| | | |
|---|---|---|
| Service | - 40 hours @ $2.90 = | $116.00 |
| Allowance | - 10 meals @ $1.45 = | $ 14.50 |
| | Minimum Wage | $101.50 |

137-1.3 Overtime Hourly Rate - (See separate Guidelines on Overtime Regulations)

An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate for hours worked in excess of forty hours in one work week.

We have found that in some restaurant chains, where each restaurant is set up as a separate corporate entity, employees may work at several of the restaurants during the week, appear on several different payrolls, and not receive overtime pay. We have taken the position that where we ascertain that there are corporate officers common to all the corporations, we will deem them to be one employer and enforce the overtime provisions of the Order. (See separate Overtime Guidelines)

137-1.4 Tip Allowance For Service Employees

As indicated under section 137-1.2, allowance for tips is either $0.95 an hour where weekly average of tips is between $0.95 and $1.35 an hour or $1.35 if weekly average of tips earned is $1.35 an hour or more. Where weekly average is less than $0.95 an hour, no allowance is permitted; the employer must pay the non-service rate.

137-1.5 Call-In Pay Rate

An employee who by request or permission of the employer reports for duty on any day, whether or not assigned to actual work, shall be paid at the applicable minimum wage rate.

Payment is at the applicable rate after allowance for tips, if any, for the time actually worked and without allowance for tips for the balance of the period. Even if the volume of tips is sufficient to cover the difference between the service and non-service rates for the entire period - working time plus guaranteed time - the guaranteed time is to be paid for at the non-service rate.

The employee is paid:

a. for at least 3 hours for one shift or the number of hours in the regularly scheduled shift, whichever is less.

b. for at least 6 hours for two shifts totaling 6 hours or less or the number of hours in the regularly scheduled shift, whichever is less.

c. for at least 8 hours for three shifts totaling 8 hours or less or the number of hours in the regularly scheduled shift, whichever is less.

A regularly scheduled shift is a shift that is recognizable by its repetitiveness. It is a shift that the employee customarily, or normally works.

137-1.5, con't:

Example: A service employee regularly works 6 days, 2½ hours daily, 11:30 to 2:00, 15 hours weekly. On a particular week the employee is only needed 1 hour on 2 days, working a total of 12 hours. A 2½ hour call in pay applies on the 2 days in which the employee worked one hour.

12 x $2.90 = $34.80
3 x $4.25 = $12.75

SMW $47.55

Example: Non-service employee scheduled to work 6 days a week:

| | | |
|---|---|---|
| 11:00 a.m. - 2:00 p.m., | | 18 |
| 5:00 p.m. - 8:00 p.m. | | 18 |
| | Total hours | 36 |
| Actual Hours Worked: 11:00 a.m.-1:00 p.m. (per employer's request) | | 12 |
| 5:00 p.m.-8:00 p.m. | | 18 |
| | Hours worked | 30 |
| | Call-in hours | 6 |
| | Total hours | 36 |

36 hours x $4.25 = $153.00

NOTE: A meal period of one hour or less does not constitute an interruption in an otherwise continuous shift. In applying the call-in provision when it is to the employer's advantage, The guaranteed time is limited to an amount which reduces an interval off duty by a one hour meal period.

Example: An employee regularly works two, three-hour shifts, from 7:00 - 10:00 a.m. and 12:00 - 3:00 p.m. On occasion, the employer requests that this employee work from 8:00 - 10:00 a.m. and 12:00 - 2:00 p.m. (two shifts totaling 4 hours). Instead of requiring the employer to pay for two hours of guaranteed time for two shifts, we apply one guaranteed hour to reduce the two hour interval off-duty to a one hour meal period. Under this method, the employer does not have to pay more for not working the employee, than the employer would if the employee had been permitted to work straight through with only a meal period off-duty. Therefore in this instance, the employer would be required to pay for five hours at the minimum wage. One meal period is allowed to the employer between 10:00 a.m. and 12:00 noon which would reduce the total working time available to five hours from starting to stopping time.

137-1.5, con't:

Example: Non-service employee is scheduled to work

12:00 noon - 1:00 p.m., 6 days per week

Employee works 12:00 noon - 2:00 p.m. at employer's request

Total hours due employee - 2 hrs x 6 days = 12
12 hrs x $4.25 = $51.00

Employee worked in excess of scheduled time - therefore daily call-in does not apply.

If the employer does not establish a regular schedule but varies the employee's hours from week to week based on business needs or whim, the call in minimum of three hours will be imposed in lieu of a daily schedule of less than three hours.

137-1.6 Additional Rate For Spread Of Hours *

On each day in which the spread of hours exceeds 10, an employee shall receive an additional hour's pay at the basic minimum hourly rate before allowances, in addition to the minimum wages otherwise required herein.

Example: A service employee ($1.35 tip allowance) receiving two meals per day, works five days

9:00 a.m. - 1:00 p.m.
5:00 p.m. - 9:00 p.m. 8 hours a day

| | | |
|---|---|---|
| 40 hours x $2.90 | = | $116.00 |
| 5 spreads x $4.25 | = | $ 21.25 |
| | | $137.25 |
| Allowance for 10 meals x $1.45 | = | $ 14.50 |
| Minimum Wage | | $122.75 |

* See definition of Spread of Hours on Page 22.

137-1.7 **Rate for Required Uniforms**

**Uniform Maintenance:**

No allowance to the employer for the supply, maintenance or laundering of required uniforms shall be permitted as part of the minimum wage. Where employees purchase required uniforms, they shall be reimbursed by the employer for the cost thereof not later than the time of the next payment of wages. Where the employer fails to launder or maintain a required uniform for an employee, the employer shall pay such employee $5.30 per week if the employee works more than 30 hours weekly, $4.15 per week for more than 20 to 30 hours per week or $2.50 per week for 20 hours or less per week in addition to the minimum wage prescribed herein.

Example: Service employee - uniform supplied but not maintained - receives two meals a day - works five days from 11 a.m. to 8 p.m. with one hour off for meals - averages $1.35 an hour in tips.

| | |
|---|---|
| 40 hours x $2.90 | = $116.00 |
| Uniform Rate | = $ 5.30 |
| | $121.30 |
| Allowance for 10 meals x $1.45 | = $ 14.50 |
| Minimum Wage | $106.80 |

The additional rate for laundering required uniforms is frequently protested by employers who contend that the employees do not avail themselves of the employer's laundering facilities or service but prefer to wash the uniforms themselves. In such cases, Investigators should determine whether the employer's services are adequate. The determination should be based on interviews with employees to ascertain the specific reasons for their preference and their specific objection or dissatisfaction with the employer's service. Such reasons as ill-fitting, torn or dirty uniforms and difficulty in obtaining an adequate supply of uniforms, etc., would indicate that the service is not adequate. Any situation where the Supervisor feels the employer should be relieved from the obligation of paying for the maintenance of uniforms should be cleared with the Chief.

**Purchase Of Required Uniform:**

Where an employee is required to purchase a required uniform from the employer or from a third party in which the employer has an interest or from whom the employer derives a benefit, the employee must be reimbursed for the entire purchase price of the uniform in the payroll for the week following the one in which the purchase was made.

137-1.7, con't:

However, if an employee is required to purchase a required uniform from a third party in which the employer has no interest and from whom the employer derives no benefit, the employer is required to refund only that portion of the purchase price of the required uniform which depresses the minimum wage during the payroll week(s) in which the uniform is purchased.

Example: A service employee is required to wear a white nylon uniform which the employee must also maintain. The first week on the job the employee purchases a uniform costing $25.00 from a retail shop in which the employer has no interest and from which the employer derives no benefit. The employee works 40 hours per week, earns $125.00 per week, receives tips in excess of $1.35 per hour and is supplied with 10 meals per week (2 per day) by the employer.

The agreed wage of $125.00 is depressed by the purchase of the uniform to $100.00. The S.M.W. for the employee is $106.80, the derivation of which is shown below:

| | | |
|---|---|---|
| $2.90 x 40 hours | | $116.00 |
| Uniform Maintenance Allowance | | $ 5.30 |
| | = | $121.30 |
| 10 meals x $1.45 | - | $ 14.50 |
| State minimum wage (cash) | | $106.80 |

Therefore, the employer is obligated to reimburse the employee $6.80 for the purchase of the uniform ($106.80 less $100.00). Thereafter, the agreed wage of $125 will cover the State Minimum Wage.

If a uniform is not required either by the employer or by law or regulation, the employer has no responsibility for its supply or maintenance. (See page 22 for definition of "required uniform.")

137-1.8 Allowance For Meals And Lodging

Meals:

The meal allowance is $1.45 per meal. For an employee working less than five hours a day, the allowance for meals shall not exceed that for one meal; for an employee working five hours or more a day, the allowance for meals shall not exceed that for two meals except that an allowance of one meal per shift may be permitted. If an employer furnishes three meals per day, on an eight hour day, the employer may not deduct for more than two meals; or if the employer furnishes two meals on a four hour day the employer may not deduct for more than one meal.

137-1.8, con't:

If an employer furnishes only one meal per day to an employee who works more than five hours per day, the employer would be permitted a $1.45 per day allowance.

Meals shall be deemed to be furnished by an employer to an employee when made available to the employee during reasonable meal periods and customarily eaten by the employee. If an employee customarily eats two furnished meals daily, and by the employee's own choice does not eat a meal on one particular day, the employer would be entitled to an allowance for the uneaten meal.

There have been cases where employers contend that meals are not furnished as part of the employment agreement; that employees have a free choice of eating in the establishment or elsewhere or not eating at all in the case of part-time employees; and where those employees who do eat on the premises are charged for the food in a separate transaction. In such cases, the practices will be acceptable under the minimum wage order provided that the following conditions exist:

1. Under the terms of employment, the employer has not agreed to furnish meals as part of wages and employees have total and unrestricted freedom of choice of where to eat or where to buy what they would eat during their meal periods;

2. Other eating establishments are nearby and readily available;



3. Employees have sufficient time for their meal periods to enable them to leave the work location and eat at other establishments;

4. For employees who wish to bring in their food, a room is set aside for use only by employees;

5. Where employees choose to purchase meals from the employer, the payment of such meals is entirely separate from wages; there are no wage deductions to cover meal charges.

Where such conditions exist, the cost of the meals will have no bearing on wages paid. The employer may pay the minimum wage with no allowance for meals.

<u>Lodging:</u>

Lodging furnished by an employer to an employee may be considered part of the minimum wage but shall be valued at not more than $1.05 a day or $6.65 a week. Such allowance will be granted if employee actually uses the lodging. Mere availability will not be accepted as the basis for granting allowance.

## REGULATIONS

### 137-2.1 Employer Records

Every employer shall establish, maintain and preserve for not less than six years, weekly payroll records which shall show for each employee: name and address, social security number, occupational classification, wage rate, daily and weekly hours worked, hourly rate, gross wages, deductions and allowances and cash wages paid. Records must also indicate student classification where such coverage applies.

Time of departure and arrival must be shown for each employee working a split shift or spread of more than ten hours.

The records should also indicate whether the employee has uniforms laundered, cleaned or maintained by the employer.

For executive, administrative and professional employees, the records must show the employee's name and address, social security number, description of occupation, wages for each payroll period and allowances, if any, except that the wages and allowances need not be shown for professional employees.

For each individual for whom student status is claimed, a statement is required from the school which the individual attends, indicating whether or not the individual is:

1. A student and whether the course of instruction is one leading to a degree, diploma or certificate; or

2. Completing residence requirements for a degree and

3. Required to obtain supervised and directed vocational experience to fulfill curriculum requirements.

Employers, including those who maintain their records containing the information required at a place outside of New York State, shall make such records or sworn certified copies thereof, available upon request of the Commissioner at the place of employment.

For recording allowances, payroll records should be deemed adequate where they are maintained in accordance with the requirements of another agency, so long as sufficient information is available to make a minimum wage determination.

137-2.1, con't:

Where quarterly records furnish sufficient information for tipping occupations, which have been commonly accepted as service classifications, we need not make a requirement for weekly breakdowns of such tips.

## 137-2.2 Statement To Employees

The wage order requires an employer to furnish a statement with every payment of wages to the employees listing period covered, hours worked, rates paid, gross wages, allowances, if any, and all deductions and net wages.

The Investigator is to accept, upon the initial visit to an establishment, any statement that the employer uses in attempting to meet this requirement. The Investigator is to instruct the employer that full compliance in the future will be required.

## 137-2.3 Posting

Every employer covered by this order shall post in a conspicuous place in the establishment a notice issued by the Department of Labor summarizing minimum wage provisions. Poster LS-207 satisfies this requirement.

## 137-2.4 Basis Of Wage Payment

The minimum wage and overtime wage provided by this order shall be required for each week of work regardless of the frequency of payment, whether the wage is on a commission, bonus, piece rate or any other basis.

This regulation requires the prompt payment of minimum wages, not later than an employee's next regular pay day. (Under Section 191.1, manual workers such as cooks and buspersons must be paid weekly, not later than 7 days after the end of the week in which wages are earned. Payment every two weeks is permitted if it includes all wages earned through pay day. Clerical employees must be paid in accordance with the agreed terms of employment, but not less frequently than semi-monthly.)

Where an employer, either by established practice of the establishment or by express agreement, provides fringe benefit payments such as vacation pay, holiday pay, a Christmas bonus or other similar supplements, the employer would be required to pay both the minimum wage and the agreed benefits, without any offset of the supplement pay against any minimum wage underpayment. However, where no agreement exists, and the wage supplement is discretionary with the employer, credit for supplement pay may be allowed in the week that such monies are paid to the employee, but any excess credit may not be pro-rated beyond such week of payment.

137-2.5 Deductions And Expenses

The minimum wage of employees shall be subject to no deductions other than those authorized by law or for allowances permitted by this order. The minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by the employer. For example, an employee who is required by an employer to travel as part of the employee's duties must be reimbursed for any travel expenses to the extent that the expense depresses the wage below the minimum.

Deductions from wages which are voluntary and authorized in writing and for the direct benefit of the employee are permissible, such as savings bonds, union dues, group insurance and contributions to charities. Permissible deductions also include taxes, wage assignments for the benefit of a third party and garnishments.

Some examples of prohibited deductions are deductions for spoilage or breakage; deductions for cash shortages or losses, errors on checks or unpaid checks; fines or penalties for lateness, misconduct or quitting by an employee without notice.

Deductions from an employee's wages for such items or repayment by separate transaction, by an employee, are prohibited under Section 193 of the Labor Law, which is applicable to all employees including those who earn more than the minimum wage. Accordingly, any deduction (or separate repayment by the employee) for cash shortages, breakage or other similar items which reduces the minimum wage is to be computed as a minimum wage underpayment. Where such deductions or separate repayments do not depress the minimum wage, they will be deemed violations of Section 193 and the amounts involved are collectable by the Department as illegal deductions.

137-2.6 Employment Covered By More Than One Wage Order

a. An employee in the Restaurant Industry who works for the same employer at an occupation governed by another New York State Minimum Wage Order:

1. for two or more hours during any one day; or

2. for twelve or more hours in any one week

shall be paid for all hours of working time for that day or week at the rates contained in the minimum wage for such other industry or the restaurant industry, whichever is higher. Such employee shall be entitled to all the benefits for such day or week provided by the minimum wage order of either the restaurant industry or the other applicable industry, whichever is greater.

137-2.6, con't:

Example: An employee, receiving two meals per day, works 5 days per week, 8 hours a day, as a waitperson ($1.35 tip allowance). However, on one day, for 2 hours, the employee works as a sales clerk.

Comparison of rates for that one day:

| | | | |
|---|---|---|---|
| Under Miscellaneous Order - 8 hours | @ $3.20 | = | $25.60 |
| allowance for two meals | @ $1.45 | = | - 2.90 |
| | | | $22.70 |

| | | | |
|---|---|---|---|
| Under Restaurant - 8 hours | @ $2.90 | = | $23.20 |
| allowance for two meals | @ $1.45 | = | - 2.90 |
| | | | $20.30 |

Minimum weekly wage should therefore be:

| | | | |
|---|---|---|---|
| Under Restaurant - 32 hours | @ $2.90 | = | $ 92.80 |
| allowance for meals - 8 meals | @ $1.45 | = | $ 11.60 |
| | | | $ 81.20 |
| Under Miscellaneous - 8 hours | | | + 22.70 |
| (including meal allowance) | | | $103.90 |

Example: An employee receiving two meals per day, works 5 days per week, 8 hours a day, 40 hours a week. For 5 hours a day, the employee works as a waitperson ($1.35 tip allowance) and for three hours a day the employee works behind a sales counter; a total of 25 hours as a waitperson and 15 hours as a sales clerk. Since the Miscellaneous Order has a lower tip allowance and thus yields a higher rate, the Miscellaneous Order applies.

Under miscellaneous order -

| | | |
|---|---|---|
| 40 hours @ $3.20 | = | $128.00 |
| allowance for meals - 10 meals @ $1.45 | = | - 14.50 |
| | | $113.50 |

b. An employee of the Restaurant Industry who works in any week solely at an occupation or in an industry governed by another New York State Minimum Wage Order shall be covered by such order for such week.

137-2.7 Learner Or Apprentice Rates

No learner or apprentice shall be paid less than the minimum rates prescribed by the order.

137-2.8 Rehabilitation Programs

For an individual employed as part of a rehabilitation program approved by the Commissioner, the payment of compensation under such program shall be deemed to meet the requirements of this order. (See separate "Guidelines for Rehabilitation Programs" (LS-442).)

137-2.9 Student Obtaining Vocational Experience

A "student" means an individual who is enrolled in and regularly attends a course of instruction at a state-licensed educational institution of learning leading to a degree, certificate, or diploma, or who is completing residence requirements for a degree.

A student is not deemed to be working or to be permitted to work if, in order to fulfill the curriculum requirements of the educational institution which the student attends, the student is required to obtain supervised and directed vocational experience in another establishment. This does include high school students obtaining vocational experience. (There is no pay rate established for such students.)

a. For each individual for whom student status is claimed, the employer must maintain a statement from the school which the student attends indicating whether or not the individual is:

1. A student and whether the course of instruction is one leading to a degree, diploma or certificate; or

2. Completing residence requirements for a degree and

3. Required to obtain supervised and directed vocational experience to fulfill curriculum requirements.

## DEFINITIONS

### 137-3.1 Restaurant Industry

The term "restaurant industry" includes any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch or curb or counter service, to the public, to employees or to members or guests of members and services in connection therewith or incidental thereto.

The industry includes but is not limited to restaurant operations of other types of establishments, restaurant concessions in any establishment and concessions in restaurants.

The term "restaurant industry" excludes:

1. Eating or drinking places operated by establishments customarily offering lodging accommodations of five or more rooms to the public, to employees or to members or guests of members. It does not exclude eating and drinking places offering lodging accommodation only to their own employees;

2. Eating or drinking places operated by establishments where the service of food or beverage is not available to the public but is incidental to instruction, medical care, religious observance or the care of handicapped or destitute persons or other charges; and

3. Eating and drinking places operated by any corporation, unincorporated association, community chest, fund or foundation organized exclusively for religious, charitable or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

These exclusions shall not be deemed to exempt such establishments from coverage under another minimum wage order which covers them.

Examples Of Included Establishments:

Eating and drinking places operated by, or as concessions in department stores, delicatessens, drug stores, places of amusement, other commercial establishments, industrial plants and social, fraternal and professional clubs, i.e.:

- caterers and banquet halls
- commissaries
- restaurant concessions in hotels
- night clubs and cabarets

137-3.1, con't:

- custard, pizza and frankfurter stands
- concessions in restaurants such as hat and coat check rooms, wash-rooms, cigarette girls, photographers
- eating and drinking places offering lodging accommodations only to their own employees.
- eating and drinking places offering lodging accommodations of less than 5 rooms to the public even though total accommodations offered to the public plus to their own employees may exceed 5 rooms. Example: eating and drinking place offering 4 rooms to the public and 8 rooms to their own employees is covered by restaurant order.
- establishments which specialize in preparing, selling and delivering food - sandwiches, coffee, etc. - for outgoing lunch orders (box lunch) even though there may be a small percentage of grocery sales.

Restaurant vs. Miscellaneous Coverage

There are a number of situations where the Investigator may not be sure whether a food establishment is to be covered by the Restaurant or by the Miscellaneous Wage Order. A food establishment is to be covered under the Restaurant Wage Order if it prepares and offers food to customers for immediate consumption on its premises or in the immediate vicinity; or if it prepares and delivers individual meals or portions of ready-to-eat food by box lunch or catering service. A food establishment that does not meet either of these requirements is to be covered under the Miscellaneous Wage Order. (On the LS-129, "Investigation Report", item 11 - Industry, the Investigator should specify the reason for the classification.)

Using these criteria, the following wage order classifications are to be applied to certain specialized operations:

1. Chinese Takeout - this type of establishment ordinarily does not provide facilities for consumption on the premises and offers no delivery service. The Miscellaneous order will therefore be applied. However, if a particular establishment, in addition to preparing food, provides a bar or stand for consumption of food on the premises, or if it delivers orders, the restaurant order is applicable.

2. German Style Delicatessen - this type of establishment is essentially retail. However, if the establishment makes and delivers sandwiches, the particular employee who is engaged in delivery work is classified as a restaurant employee.* The restaurant order would be applied to this employee only; the miscellaneous order is applicable to the other delicatessen employees.

   A separate LS-129, "Investigation Report" is not to be made out for such an employee unless an underpayment is reported.

137-3.1, con't:

3. Chicken Delight - this type of establishment both prepares and serves food in individual portions, such as dinners, and also makes deliveries. Its franchises require delivery to the consumer. Therefore, all such establishments are classified as restaurants, regardless of whether or not their facilities include adjacent parking lots on the premises.

4. Kentucky Fried Chicken - this type of establishment prepares and offers food in individual portions to customers but does not make deliveries. If the establishment provides eating facilities (such as tables) or an adjacent parking lot, the restaurant order applies. If there are no available facilities for consumption of food on or about the premises, the miscellaneous order will apply.

5. Carvel, Baskin Robbins - this type of establishment prepares ice cream and other cold products, which are offered in individual portions that require immediate consumption by customers. The establishment does not deliver orders. If the establishment does not provide an adjacent parking lot or tables, the miscellaneous order applies. Where there are facilities for immediate consumption on the premises, the establishment is covered under the restaurant order.

6. Frankfurter Stand - this type of establishment prepares and offers food for immediate consumption on the premises or in the immediate vicinity. The restaurant order applies.

7. Hero Shops - in the Metropolitan Area, these shops either provide facilities for on-premises consumption or provide a delivery service. In the Upstate Area, the shops that provide facilities for on-premises consumption or have adjacent parking lots are considered restaurants.

8. Jewish Style Delicatessen - most of these establishments provide facilities for on-premises food consumption and are, therefore, restaurants. There are also a small number which, while not providing such facilities, engage in catering either in the home or a place of business.

If the catering consists of delivering a quantity of sandwiches or a predetermined quantity of food placed on several decorated platters, to a home or place of business (with or without the assistance of an employee to aid in service) the restaurant order applies. However, if the establishment sells food only on a book or weight basis rather than in individual portions, the miscellaneous order is applicable.

137-3.1, con't:

9. Factory Food Service - this type of establishment caters to factories, construction sites and similar places. Food service is offered at the site by means of trucks equipped to serve sandwiches, hot and cold beverages, and dessert items. Since such food is offered for consumption in the immediate vicinity, the restaurant order applies.

10. Drive-Ins - this type of establishment provides either counter or curb service or parking lot facilities where customers can consume the food in their cars. This meets the test of consumption on the premises or in the immediate vicinity. The restaurant order applies to such establishments.

11. Refreshment Stands in Drive-In Theaters - refreshment stands in drive-in theaters provide hamburgers, frankfurters, sandwiches, beverages, ice cream and other products for consumption in customers' cars. The restaurant order applies.

12. Refreshment Stands in Conventional Movie Theaters - this type of establishment offers mainly prepackaged products such as candy, cigarettes, ice cream, popcorn and the like, all of which are distinctly retail. The only food actually prepared on the premises is precooked frankfurters that are heated by automatic devices. The miscellaneous order applies to such stands.

13. Pizza Establishments - pizza stands that provide facilities for on-premises consumption of individual slices of pizza and beverages are to be covered under the restaurant order. However, pizza establishments that sell or sell and deliver whole pizza pies, and which maintain no table or other facilities for consumption on the premises are covered under the miscellaneous order. If, however, such pizza establishments not only sell whole pizza pies but also provide a table on the premises for pizza consumption by a group of customers, the restaurant order will apply.

Should a novel situation arise causing doubt as to classification, submit a complete statement of the facts to the office with the reasons why the establishment should or should not be covered under the restaurant wage order.

137-3.2 Employee

"Employee" means any person employed in the Restaurant Industry unless excluded from coverage by the Minimum Wage Act.

a. Types of Employees Covered by the Wage Order

Since this is an Industry Wide Wage Order every employee, working in it is covered by this Order.

137-3.2, con't:

Example of Covered Employees:

Office clerks, cashiers, host people , buspersons, hat and coat check persons, cigarette persons, photographers, etc.

b. Types of Employees Excluded by the Wage Order

Employees engaged solely in work covered by another wage order are excluded. Also excluded are those employees listed in the wage orders such as outside salesmen, executives, administrators and professionals, employees of Federal, State or Municipal Governments or political sub-divisions thereof. See the Wage Order for a complete definition of these exempted employees.

137-3.3 Service Employee And Non-Service Employee

a. A "service employee" is an employee in an occupation who regularly receives tips of at least $0.95 cents an hour. A "non-service employee" is any employee other than a service employee.

Example: 1. A counterperson receives on average $0.95 cents an hour in tips -- the person is a "service" employee.

2. A counterperson receives on average $0.[illegible] cents an hour in tips -- the person is a "non-service" employee.

b. Classification as a "service employee" or "non-service employee" shall be on a weekly basis, except that an employee may not be classified as a "service employee" on any day of each week in which the employee has been assigned to a duty for the whole day at which gratuities are not customarily received. Overtime hours are computed as per classification when overtime hours are worked.

Example: Work schedule is as follows:

| | M | T | W | T | F | |
|---|---|---|---|---|---|---|
| As Waitperson (Service) | 6 | 2 | 4 | [illegible] | 8 | Total 40 hours |
| As Cashier (Non-Service) | 2 | [illegible] | 4 | – | – | |
| Tips Earned | $10 | $4 | $6 | $10 | $10 | Total $40.00 |

Since this employee earned tips each day and averaged more than $0.95 an hour for the total weekly hours worked, the employee is a "service" employee. S.M.W. - 40 x $3.30 = $132.00.

137-3.3, con't:

Example: Work schedule is as follows:

| | M | T | W | T | F | |
|---|---|---|---|---|---|---|
| As Waitperson | 8 | 8 | 8 | 8 | - | |
| As Cashier | - | - | - | - | 8 | Total 40 hours |
| Tips Earned | $15 | $15 | $15 | $15 | | Total $60.00 |

Employee is a service employee for 32 hours and a non-service employee for 8 hours even though tips earned averaged more than $1.35 per hour for the entire 40 hours worked. S.M.W. - 32 @ $2.90 = $ 92.80
8 @$4.25 = $ 34.00
$126.80

c. The employer shall have the burden of proof that an employee receives sufficient tips to entitle the employee to the classification of "service employee".

d. Appropriation of Tips - Under Section 196-d, no employer or agent of the employer may demand or accept, directly or indirectly, any part of the gratuities received by an employee or retain any part of a gratuity or any charge purported to be a gratuity for an employee. Where an employer is found to have appropriated tips and paid the full minimum wage, there is no violation of the Minimum Wage Order, but we will serve a Notice of Violation of Section 196-d and attempt to collect the appropriated funds for the employee.

An employer who pays a credit card company a percentage of a bill for use of the employer's credit facilities can reduce the amount of credit card tips paid over to the employee by a percentage no greater than that charged the employer by the credit company. However, an employer is not permitted to hold up the employee's tip until some later date when the employer settles with the credit company. The employer should pay the tip over to the employee no later than the employee's regular payday.

Additional policy guidelines relating to Section 196-d are contained in a memo to Supervisors dated September 5, 1972, and include the following:

137-3.3, con't:

An employer or agent of the employer may not do the handling, counting or distribution in any tip sharing or tip pooling arrangement even if the agent or the employer does not retain any part of the tips. The only occasions where the employer is permitted to handle employees' tips are in connection with a banquet or other functions where a fixed percentage of the bill is added for gratuities which are distributed to employees; or where a patron charges a tip along with the bill or where a patron's bill contains a charge purported to be a gratuity. On such occasions, there must be a distribution to the employees of the full amount of the gratuities or charges purported to be gratuities. A nominal deduction for bookkeeping costs may be permitted.

<u>Tip Sharing:</u> Sharing of tips covers practices whereby a service employee gives part of the tips earned to another employee or employees and retains the balance.

An employer may not require that a waitperson share tips with a dishwasher, chef, porter or other non-service employee who renders no direct service to the public. However, sharing tips with a busperson, hostperson, captain, short-order cook at a counter or other employee who participates with the waitperson in rendering personal service to the patron is permissible even where it is a condition of the employment.

<u>Tip Pooling:</u> In tip pooling, all tip earnings of the service employees are intermingled and then distributed.

Tip pooling arrangements where all tips are intermingled must be completely voluntary, initiated by the employees themselves with or without the knowledge of management, and <u>not</u> made part of the terms of hire or conditions of continuing employment.

In connection with banquets or other special functions, where a fixed percentage is added for gratuities, distribution shall be made only to service employees. Where a portion of a fixed charge is for distribution to other than service employees, the percentages charged and the categories of workers involved shall be clearly specified. For example, the following paragraph in a banquet contract to enable the employer to distribute banquet tips to the personnel mentioned is acceptable.

> "____ percent (     %) is to be added to the patrons' bill for food and beverages, ____ percent (     %) of which is to go to waitpersons where applicable, buspersons and/or bar attendants engaged in the function and ____ percent (     %) for Supervisory, sales and other banquet personnel."

137-3.3, con't:

Any inspection which involves tip appropriation by the employer is to be reported to the Supervisor in detail.

<u>Posting Regulations on Tip Appropriations and Other Illegal Deductions</u>.

While not directly required by the wage order, Section 198d requires every employer engaged in the sale or services of food or beverages to post a copy of Section 193 and 196d in a place accessible to the employees and in a visually conspicuous manner. The law does not require the Labor Department to provide the poster. This posting requirement should be checked in conjunction with all minimum wage field investigations involving the restaurant wage order.

137-3.4 <u>Regular Rate</u>

"The term "regular rate" shall mean the amount that the employee is regularly paid for each hour of work. When an employee is paid on a piece rate, salary or any other basis than hourly rate, the regular hourly rate shall be determined by dividing the total hours worked during the week into the employee's total earnings." (See Overtime Manual for additional guidelines.)

137-3.5 <u>Working Time</u>

Working time includes:

1. actual time spent in performing service

2. time spent in traveling at the request (direct or implied) of the employer

3. rest or recess period, if called by employer

4. coffee breaks

5. time of permitted attendance, including waiting time, whether or not work is provided, but not including time spent on employer's premises solely for the convenience of the employee

6. time spent in preparatory or clean up work, such as setting up equipment, getting out or putting away supplies

7. time spent at meetings or training sessions called or required by the employer, before or after working hours

137-3.6 Voluntary Absence

"Voluntary absence" includes any absence from work not directed by the employer or agent of the employer and not designed or planned by the employer or the employee to evade minimum wage standards. "Voluntary Absence" does not include any absence contemplated in the employment contract; or incurred as a condition of continued employment or at the direction or suggestion of the employer or agent of the employer; or recurrent or periodic absence, except absence for medical treatment under a doctor's care.

137-3.7 Meals

A "meal" shall provide adequate portions of a variety of wholesome, nutritious foods and shall include at least one of the types of food from all four of the following groups:

(1) fruits or vegetables

(2) cereals, bread or potatoes

(3) eggs, meat, fish or poultry

(4) milk, tea or coffee, except that for breakfast, group (3) may be omitted if both cereal and bread are offered in group (2).

137-3.8 Lodging

"Lodging" means living accommodations used by the employee which meet generally accepted standards of adequacy and sanitation.

137-3.9 Split Shift

A "split shift" is a schedule of daily hours in which the working hours required or permitted are not consecutive. No meal period of one hour or less shall be considered an interruption of consecutive hours.

137-3.10 Spread of Hours

The "spread of hours" is the interval of time between the beginning and the end of an employee's workday. It includes working time, plus time off for meals, plus intervals off duty.

137-3.11 Interval Off Duty

An "interval off duty" is time during the workday other than working time, waiting time, travel time and time off duty for any meal period of one hour or less.

137-3.12 Required Uniforms

A "required uniform" shall be that clothing worn by an employee, at the request of an employer, while performing job related duties or to comply with any state, city, or local law, rule, or regulation. It does not, however, include clothing that may be worn as part of an employee's ordinary wardrobe.

The following are examples of clothing which employees may be required to wear, but which are not considered required uniforms because the clothing is the type that can be ordinarily used outside of employment: conservative trousers (black, grey or brown), white shirts, dresses and pants suits which are indistinguishable from normal street wear.



However, even where garments worn could be construed as usual or normal street wear, the Department will accept a complaint, on an individual basis, where an employee asserts that the garments required by an employer are not worn by the employee now, and will not be worn in the future outside of work.

Example: An employee in a restaurant is required by the employer to wear dark slacks. The employee claims that slacks are never worn outside of work. The employee further states that slacks have not been worn outside of the job in the past and there is no intention of doing so in the future.

Based on this statement, the uniform allowance provision would be applied to the minimum wage. The employee would be reimbursed for the cost of the slacks. In addition, the maintenance schedule would be enforced at the applicable rate.