UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSEPH BIASI, individually and on behalf of all others similarly situated,

                                      Case No.: 6:15-cv-0454

                        Plaintiffs,

    -against-

WAL-MART STORES EAST, LP, EARLENE SCHAEFFER, RYAN DUNPHY and REBECCA PAUKSTELA,

                        Defendants,
_____

---

# MEMORANDUM OF LAW IN OPPOSITION TO WAL-MART'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF MOTION TO AMEND COMPLAINT

---

**PRELIMINARY STATEMENT**

In a prior Order of this Court, Judge Suddaby held that plaintiff pled a sufficient claim for uniform maintenance pay under the Hospitality Wage Order. In so holding, Judge Suddaby noted:

> Although the Court finds that Plaintiff has stated a claim under the Hospitality Industry Wage Order, the Court does not adopt the Plaintiff's expansive interpretation of what constitutes a restaurant under 12 NYCRR § 146-3.1. More specifically, the Court has not found cases in which the Hospitality Industry Wage Order was applied in the context of a retail department store that also offered dining services. Without case precedent to assist the Court's analysis on this issue, the Court cannot find that the Hospitality Industry Wage Order is intended to include employees that work strictly within a department of a store that has no relation to its food service operations. In other words, the Court would have difficulty accepting the argument that the Hospitality Industry Wage Order applies to employees that work strictly within the electronics or clothing departments of a retail store for example and do not assist in any way with the store's dining services.

Docket 30, p. 11.

In other words, Judge Suddaby held that the employees covered by the Hospitality Wage Order were those employees who "assisted in any way with the store's dining services." Further, the Court held that:

> While Wal-Mart may not be a restaurant in the traditional sense, as Defendants contend, Plaintiff has alleged facts plausibly suggesting that it is an establishment that offers restaurant concessions. See 12 NYCRR § 146-3.1(b) ("The term restaurant includes but is not limited to restaurant operations of other types of establishments, restaurant concessions in any establishment and concessions in restaurants.")

Id. at p. 12.

On this motion, Wal-Mart now claims it is not, in fact, a restaurant of any kind, relying principally on an argument that the food offered for human consumption at the Wal-Mart location are for take-out purposes only. However, as attested to my Cynthia Mecca, Joseph Biasi, and Sheila Biasi, this contention is false. In fact, the "to go" items served by Wal-Mart are routinely consumed on Premises at the Subway restaurant in the store; the break room in the

store; as well as the parking lot and outdoor area near the store.  Therefore, even though Wal-Mart did not raise these points previously in its motion to dismiss, the fact remains that Wal-Mart is a restaurant under the Hospitality Wage order and all employees involved (directly and indirectly) in the food service operation, are covered by the Hospitality wage order.

## ARGUMENT

### Point I

### THIS COURT SHOULD GRANT LEAVE TO ACCEPT THE THIRD AMENDED COMPLAINT

While plaintiff  verily believes that Joseph Biasi has asserted a cognizable claim for uniform maintenance pay, plaintiff nonetheless respectfully requests that this Court exercise its discretion to accept the Third Amended Complaint as the "usual practice is to grant leave to amend the complaint" pursuant to F.R.C.P. Rule 15. Ronzani v. Sanofi , 899 F.2d  195, 198 (2d Cir. 1990).

Rule 15 of the Federal Rules of Civil Procedure provides that a court "should freely give leave" to a party to amend its pleading "when justice so requires." Fed.R.Civ.P. 15(a).  Leave to amend should be granted unless there is "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment...." Foman v. Davis, 371 U.S. 178, 182 (1962); Commander Oil Corp. v. Barlo Equip. Corp ., 215 F.3d 321, 333 (2d Cir.2000) (noting that leave to amend is "discretionary" and should be "freely given"); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

The Second Circuit has observed:

2

>In determining what constitutes "prejudice" we consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.

Block, 988 F.2d at 350 (internal citations and quotation marks omitted).

Here, Wal-Mart cannot possibly claim any prejudice as it was notified of the intention to amend the complaint prior to any depositions being taken in the case. Indeed, the parties have performed very limited discovery in the case and the theory pursued by plaintiffs as it relates to the second cause of action has not changed throughout this litigation.

## Point II

### WAL-MART IS COVERED BY THE HOSPITALITY WAGE ORDER SINCE IT SELLS FOOD AND BEVERAGE FOR HUMAN CONSUMPTION

The Hospitality Wage Order was implemented to ensure a larger group of employees receive protection:

>Current regulations give these protections only to workers paid at or near the minimum hourly rate. Such workers include some of the better-tipped workers, such as waiters and bartenders in some establishments. Among the workers currently excluded from such protections are many non-tipped and low-tipped employees, whose wage rates are above the minimum but whose total earnings are far less than the employees in the better-tipped occupations. Such workers include many cooks and kitchen workers, fast food and counter workers, cafeteria attendants, dining room attendants and bussers, bartenders' helpers, **desk clerks, cleaning workers, maintenance & grounds workers, porters, janitors, and others**. The proposed regulations extend the protections involving these matters to all covered workers, and clarify these requirements for the benefit of both employer and employee

http://www.labor.ny.gov/sites/legal/laws/pdf_word_docs/hospitality-wage-order/regulatory-impact-statement.pdf    at page 6. [emphasis supplied]

3

As is clear from the Regulatory Impact Statement, the protections under the Wage Order are not limited to those who sell or serve food.  Within the Hospitality Wage Order there are three types of employees, "food service workers" "service workers" and "non-service workers." 12 NYCRR § 146-3.3(a).  Here, plaintiff Biasi delivers food and beverage products to the area in the establishment that prepare and serve food.  Plaintiff does not receive tips.  He is therefore a non-service worker.  Plaintiff Mecca is clearly a food service worker as her primary job is to prepare and serve food to employees and customers.

The clear language of the Hospitality Wage Order states:

§ 146-3.1. Hospitality industry.

(b) The term restaurant includes any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto. The term restaurant includes but is not limited to restaurant operations of other types of establishments, restaurant concessions in any establishment and concessions in restaurants.

Wal-Mart has selectively quoted the relevant regulation and has omitted the most relevant terms; to wit, that the definition of a "restaurant" in the Hospitality Wage Order applies to "any" entity that sells food or beverage to the public.  The only exceptions listed in the Wage Order are:

The hospitality industry excludes:

(1) establishments where the service of food or beverage or the provision of lodging is not available to the public or to members or guests of members, but is incidental to instruction, medical care, religious observance, or the care of persons with disabilities or those who are impoverished or other public charges; and

(2) establishments where the service of food or beverage or the provision of lodging is offered by any corporation, unincorporated association, community chest, fund or foundation organized exclusively for religious, charitable or educational purposes, no part of the net earnings of which inures to the benefit of any private shareholder or individual.

4

12 NYCRR § 146-3.1.

These exclusions show the breadth of the Hospitality Wage Order:  It applies to all "establishments" that serve food or beverage for human consumption unless the establishment falls under the limited exceptions not applicable here.  Based upon the facts pleaded in the complaint, Wal-Mart sells food and beverage (both on site and catering) for human consumption to customers and employees and is therefore an establishment that is covered by the Hospitality Wage Order.  To the extent that Wal-Mart disagrees, and, offers its own set of facts to dispute this conclusion, this presents a factual issue not ripe for adjudication on a motion for summary judgment.  Starkey ex rel. Starkey v. Somers Central School Dist. 319 F.Supp.2d 410 (S.D.N.Y. 2004) Engler v. Cendant Corp., 434 F.Supp.2d 119 (E.D.N.Y. 2006)(District court cannot consider admissions or statements in parties' memorandum of law as factual allegations at motion to dismiss stage of case.)  Discovery is therefore needed to address the factual arguments raised by Wal-Mart.  Tondas v. Amateur Hockey Ass'n of U. S., 438 F.Supp. 310 (W.D.N.Y.1977) (Dismissal of a complaint before any discovery has taken place is even more drastic than summary judgment which can only be granted when there is no genuine issue as to any material fact.).

As pled in the Third Amended Complaint, Wal-Mart  (a) prepares and offers food or beverages for human consumption (Third Amended Complaint ¶¶ 55, 56); (b) engages in catering services, "for every occasion", where it provides, among other things, sandwich trays, sliders trays (mini hamburgers), sub sandwiches of two (2), four (4) and six (6) feet, shrimp cocktail trays and hot food trays. (Third Amended Complaint ¶ 57); and, (c) provides a counter service where customers/employees can pick from multitudes of hot and cold food items, including but not limited to, rotisserie chicken, fried chicken, chicken wings, macaroni and

5

cheese, mashed potatoes, coleslaw, potato salads and macaroni salads. Wal-Mart will then package and weigh them out in ready to eat "to-go" containers. (Third Amended Complaint ¶ 593). In addition, both customers and employees eat food on Premises.

Certainly, at this stage of the proceeding, Wal-Mart has not established, as a matter of law, that it is does not fit the definition of a restaurant in the Hospitality Wage Order. Nonetheless, Wal-Mart wants this Court to award it summary judgment based upon Wal-Mart's interpretation of the regulation even though Wal-Mart's interpretation of the regulation necessarily invites speculation. For example, how much food does an establishment need to sell before it is considered part of Hospitality industry? What factors should the Court weigh to determine which establishments are covered? Wal-Mart does not offer an answer to these questions; rather, Wal-Mart dodges the issue by concluding that it is NOT a restaurant, without providing any explanation other than the fact that it is a retailer. Wal-Mart offers an argument based upon the Department of Labor Field Investigator manual, analogizing itself to a Jewish Delicatessen or a Chinese Restaurant. However, these analogies are irrelevant as the Wal-Mart Deli does, in fact, serve food that is routinely consumed on Premises, in break rooms, in the Subway restaurant located on premises, as well as in the parking lot.

Plaintiff's position is straight-forward and consistent with the regulation: if you sell food for human consumption, if you prepare food for catering, if you sell food for consumption on premises, you are a restaurant covered by the Hospitality Wage Order. Plaintiff has alleged specific facts to support his claim that Wal-Mart is engaged in operations covered by the Hospitality Wage Order.

Plaintiff Biasi and Mecca allege that they regularly worked five (5) days per week yet were only given two (2) uniforms. Third Amended Complaint ¶ 60. Defendant Wal-Mart

provided plaintiff and the members of the proposed class with uniforms but did not pay to have the uniforms laundered nor did Defendant provide each employee with a sufficient number of uniforms (i.e. a number of uniforms equal to the number of days the employee regularly works per week) to avoid paying the statutory uniform maintenance fee.  Third Amended Complaint ¶ 67.  These facts make out a claim for uniform maintenance pay under the Hospitality Wage Order.  See  Gregory v. Stewart's Shops Corp., No. 7:14-CV-00033, 2015 WL 893058, at *8 (N.D.N.Y. Mar. 2, 2015)(denying motion to dismiss against convenience store in class action complaint for uniform maintenance pay.  The Court noted that there were factual disputes precluding judgment as a matter of law:  "Plaintiffs have asserted that they were not provided with a sufficient number of uniforms consistent with the average number of days per week that they worked.")

With regard to plaintiff Biasi, defendant Wal-Mart focuses on the fact that he also works in other areas of the store (unrelated to the food service function).  However, according to Department of Labor Guidance on the issue:

> **What wage order applies to an employee who works for an employer under two separate wage orders?**
>
> An employee in the Hospitality Industry who works for the same employer at an occupation governed by another New York State Minimum Wage Order for two hours or more during any one day or for twelve hours or more in any week shall be paid for all hours of working time for that day or week in accordance with the minimum wage standards contained in the minimum wage order that provides the higher level of wages/protection to the employee.

See https://www.labor.ny.gov/legal/counsel/pdf/hospitality-wage-order-frequently-asked-questions.pdf

7

Accordingly, although it is an issue relevant to calculating damages, the applicable regulation clearly states that plaintiff Biasi should be paid under the Hospitality Wage Order for the time he worked under the Hospitality wage order.

Nonetheless, it is apparent from the arguments raised by Wal-Mart that it seeks to raise the affirmative defense related to "laundry services" offered to employees to avoid uniform maintenance pay for all employees; however, the problem Wal-Mart has with meeting this exception is that it did not notify its employees "individually" in writing about the availability of the laundry service. As set forth in the Hospitality Wage Order:

§ 146-1.7. Uniform maintenance pay

(c) Employee chooses not to use employer-provided laundry service. The employer will not be required to pay uniform maintenance pay to any employee who chooses not to use the employer's service, where an employer:

(1) launders required uniforms free of charge and with reasonable frequency;

(2) ensures the availability of an adequate supply of clean, properly-fitting uniforms; and

(3) informs employees individually in writing of such service.

Wal-Mart glosses over the specific requirements of this affirmative defense because it knows full well that it never informed its employees "individually in writing" that the laundry service was available. Since Wal-Mart has not, and cannot meet its burden under this affirmative defense, it owes its employees uniform maintenance pay unless it can meet some other affirmative defense.

Wal-Mart claims that another exception; i.e., the "wash and wear" exception undisputedly applies. However, it is undisputed that plaintiff Biasi and plaintiff Mecca were both provided two (2) vests even though they regularly worked five (5) or more days per week. Further, since it was Wal-Mart's requirement that each employee wear a clean and neat uniform

8

to work each shift, Wal-Mart clearly has not given a sufficient number of uniforms to avoid the uniform maintenance pay.

Plaintiff's agree that the wording of the Hospitality Wage Order, as well as the non-binding Department of Labor Field Operation's guide does not transform every retail store that happens to make food into a restaurant. However, using the arguments raised by Wal-mart, the operations in Wal-mart are undisputedly covered by the Hospitality wage order since food is prepared, served, and consumed on premises by employees and customers.

The motion for summary judgment served by Wal-Mart asks this Court to make a legal conclusion that Wal-Mart cannot possibly fall under the Hospitality Wage Order. Wal-Mart has not established facts that warrant the legal conclusion it seeks. Rather, the facts alleged by plaintiff—and deemed true at this stage of the litigation—set forth a plausible case that Wal-Mart should be covered by the Hospitality Wage Order since it sells food and beverage for human consumption. It is respectfully submitted that the Third Amended Complaint sets forth a plausible claim for uniform maintenance pay on behalf of plaintiff and the proposed class, and Wal-Mart's motion for summary should therefore be denied in its entirety.

Wal-Mart argues that plaintiffs have provided no authority to support a contention that defendant was obligated to provide uniforms in a number "equal" to the amount of days an employee worked and instead argues that just because plaintiffs could wash their own uniforms that the number of uniforms provided were "sufficient" in "light of the average number of days worked per week by a particular employee." Respectfully, this argument is not compatible with the Wash and Wear exception outlined in the Regulation which states that:

**§ 146-1.7. Uniform maintenance pay.**

(b) Wash and wear exception to uniform maintenance pay. An employer will not be required to pay the uniform maintenance pay, where required uniforms

      (1) are made of "wash and wear" materials;

      (2) may be routinely washed and dried with other personal garments;

      (3) do not require ironing, dry cleaning, daily washing, commercial laundering, or other special treatment; and

      (4) are furnished to the employee in sufficient number, or the employee is reimbursed by the employer for the purchase of a sufficient number of uniforms, consistent with the average number of days per week worked by the employee.

It is worth noting that this "Wash and wear" exception is an affirmative defense that must be pled and proven by defendant in this case, and that Wal-Mart must pay the uniform maintenance pay to all of its employees as part of the minimum wage **unless** defendant can meet its burden under the "wash and wear" exception.  With regard to the issue identified by Wal-Mart, respectfully, subsection b(4) above is clear that the employee must be provided a sufficient number of uniforms consistent with the average numbers of days worked by the employee in order for the Employer to avoid the uniform maintenance pay.  This is especially true since Wal-Mart's policy required a neat and clean uniform for each shift.  Accordingly, it is respectfully submitted that the proper standard, in a case where a clean uniform is required for each shift, is that the employer must provide a clean uniform for each shift or at least provide a sufficient number of uniforms equal to or greater o the number of shifts scheduled each week.
Respectfully Submitted,

DATED: September 19, 2016         E. STEWART JONES HACKER MURPHY, LLP

                                    By:_____
                                        Ryan M. Finn, Esq.
Bar Roll No. 513670
rfinn@joneshacker.com
28 Second Street
Troy, NY  12180
(518) 213-0115